**Enxhi Qirici, Esq.**
**MACEDO LAW LLC**
**91 Montvale Ave, Suite 315**
**Stoneham, MA 02180**
**Phone: (617) 665-7911**
**Email: eoir@macedolaw.com**
**MA BBO: 713563**
**Counsel for Petitioner**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAO BEDEL VEMBA<br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ<br>(*Superintendent, Plymouth County Correctional Facility*),<br>DAVID T. WESLING,<br>(*Field Office Director*),<br>MICHAEL KROL<br>(*HSI New England Special Agent in Charge*),<br>TODD LYONS<br>(*Acting Director U.S. Immigrations and Customs Enforcement*)<br>MARKWAYNE MULLIN<br>(*U.S. Secretary of Homeland Security*)<br>U.S. DEPARTMENT OF HOMELAND SECURITY; and<br>TODD BLANCHE<br>(*Attorney General of the United States*)<br>Respondents | Case No. _____<br><br><br>**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS** |

### I.  INTRODUCTION

1.  Petitioner is a native and citizen of Angola.

2.  On May 5, 2026 Immigration and Customs Enforcement (ICE) arrested the Petitioner.

3.  Petitioner is currently being held at <u>Plymouth County Correctional Facility</u> located at 26 Long Pond Rd. Plymouth, MA 02360.

4.  Petitioner has resided in the United States since entering legally on or about September 15, 2021.

5.  Petitioner has a pending Affirmative Asylum application though an NTA has not yet been served with the Immigration Court.

6.  His detention is in violation of the Due Process Clause of the Fifth Amendment.

## II. JURISDICTION AND VENUE

7. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question) and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

9. Venue is proper in this district because Petitioner is detained in Massachusetts in the custody of Respondents.

10. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## III. PARTIES

11. Petitioner  Joao Bedel Vemba is  an Angolan national  currently  detained  in Massachusetts under the custody of U.S. Immigration and Customs Enforcement.

12. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility.

13. Respondent David Wesling is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

14. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

15. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

16. Respondent Markwayne Mullin is the U.S. Secretary of Homeland Security.

17. Respondent, U.S. Department of Homeland Security is the federal agency responsible for

implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

18. Respondent Todd Blanche is the Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

19. All respondents are named in their official capacities.

20. On information and belief, Petitioner is currently in custody in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

### IV. FACTS

21. Petitioner, Joao Bedel Vemba, is a citizen and native of Angola who entered the United States legally in 2021.

22. On May 5, 2026, U.S. Immigration and Customs Enforcement (ICE) officers arrested the Petitioner while he was taking his three-year-old daughter to school in Maine. He is currently detained in Massachusetts.

23. ICE has not produced any valid removal order or lawful statutory basis to continue holding the Petitioner. He is not subject to expedited removal under INA § 235(b), nor to mandatory detention under INA § 236(c), and he is not under a final order of removal that would implicate INA § 241.

24. Upon information and belief, at the time Petitioner was apprehended and taken into custody by immigration officials, no warrant for his arrest was presented.

25. Thus, habeas corpus is Petitioner's only meaningful avenue for relief from unlawful detention.

*Legal Background*

26. The section of law that governs detention of non-citizens in the United States is 8 U.S.C. § 1226(a). Section 1226(a) plainly states: "On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained…"

27. As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a).

28. To put it simply, Petitioner's detention is illegal because ICE arrested him and there is no evidence that he was arrested pursuant to a warrant.

29. Federal courts have ruled that, where the Government did not comply with the plain language of section 1226(a), immediate release is justified. See *Chogllo Chafla v. Scott*, No. 2:25-CV00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 22, 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."); *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching same conclusion); *A.E.R.T. v. Wofford,* No. 1:25-cv-01824-KES-SKO (HC) (E.D. Cal. Dec. 16, 2025) (reaching same conclusion).

30. Further, due to the backlog, in cases before the Immigration Court system, there exist substantial delays in processing, scheduling, and holding bond hearings for detained non-citizens. At this time, non-citizens are often waiting weeks for hearings at which they may present their case for release on bond.

31. These substantial delays are in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

## V.  REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

1. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

2. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391,400 (1963).

3. Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

## VI. CLAIMS FOR RELIEF
### Count I – Violation of the Fifth Amendment Right to Due Process
### (Procedural Due Process)

4. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

5. The Fifth Amendment provides that "[n]o person" shall be "be deprived of life, liberty, or property, without due process of law."

6. The government's detention of Petitioner without a warrant violates his due process rights.

### Count II – Violation of 8 U.S.C. § 1226(a)
### *Unlawful Detention Without a Warrant*

7. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

8. Upon information and belief, Respondents have detained Petitioner without a warrant as required by the plain language of 8 U.S.C. § 1226(a).

9. Respondent's detention of Petitioner in violation of the warrant requirement violates the Immigration and Nationality Act.

**Count III – Violation of the Administrative Procedure Act**
**(Unlawful Agency Action, 5 U.S.C. § 706(2))**

10. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

11. Courts must "hold unlawful and set aside agency action" that is "arbitrary capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

12. In subjecting Petitioner to detention under §1226(a) without a warrant, Respondents have violated the INA and adopted a policy that contradicts its regulations without providing meaningful notice or opportunity to challenge that decision.

13. Respondents have failed to articulate reasoned explanation of their decision to detain Petitioner.

14. Detention of Petitioner despite the pendency of his asylum application is arbitrary, capricious, and not in accordance with law, and as such violates the APA. *See* 5 U.S.C. §706(2).

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

1. Assume jurisdiction over this matter;

2. Order that Petitioner shall not be transferred outside the District of Massachusetts;

3. Issue an Order to Show Cause ordering Respondent to show cause as to why this Petition should not be granted within three days;

4. Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

5. Order Petitioner's immediate release, subject to any appropriate conditions, or require that he be provided a bond hearing pursuant to 8 U.S.C. §1226(a);

6.  Declare that the continued immigration detention of Petitioner violates 8 U.S.C. §
    1226(a);and

7.  Grant any other and further relief this Court deems just and proper.


Dated: May 6, 2026

Respectfully submitted,

*/s/ Enxhi Qirici*
Enxhi Qirici, Esq.
BBO: 713563
*Macedo Law LLC*
*91 Montvale Ave, Ste 315*
*Stoneham, MA 02180*